L. WARD v. THE NEW YORK AND TEXAS LAND COMPANY, LIMITED.

No. 224.

1. **Practice in Court of Civil Appeals — Record.**—When the record contains neither statement of facts nor exceptions to the conclusions of law and findings of fact of the court below, and the points raised by the assignments of error relate to the sufficiency of the evidence to support the conclusions of law, and the facts found do not affirmatively show that the conclusions of law were erroneous, the case might be disposed of on that ground alone.

2. **Landlord and Tenant.**—A tenant holding over under a lease from year to year, rent payable in advance, will not be held liable to his landlord for rents after he has notified him that he would no longer pay rent, if said notice was given twelve days before the rent year for which he is sought to be charged had begun.

APPEAL from Jackson. Tried below before Hon. H. L. WHITE, County Judge.

The conclusions of fact of the court below were as follows:

" 1. I find that plaintiff now is, and has been ever since June 13, 1884, the owner of the lands, the rent of which is in controversy.

" 2. I find that plaintiff leased the lands to defendant under a written contract of lease for the term of three years, beginning June 14, 1884, and terminating June 13, 1887, at the rate of $96 per annum, in advance.

" 3. I find that the use, occupation, and control exercised by the defendant during the continuance of this lease was to graze his cattle and other stock upon the lands.

" 4. I find that defendant never took actual possession of plaintiff's land, even during the term of the lease, except that the lands were enclosed in a pasture with lands owned by defendant and others; and that the cattle of the other parties owning land in said pasture grazed on said lands, as well as defendant's cattle.

" 5. I find that on June 14, 1889, neither plaintiff nor defendant was in actual possession, nor had the defendant any cattle on the land until the fall of said year, as about that year defendant had commenced removing his stock from that pasture in the spring, and putting them back in the fall to winter.

" 6. I find that the rent was payable annually in advance; that for each year during the term of the lease plaintiff did notify defendant, before the rent became due, of the day it would be due, and that defendant paid when so notified; and the last rent paid was paid in advance for the year commencing June 14, 1886.

" 7. I find that plaintiff did not notify defendant of any rents due in advance for the years beginning June 14, 1887, 1888, or 1889; and not until about June 1, 1890, did defendant receive notice that he must pay rent; nor did defendant notify plaintiff that he did not intend to pay rent for the years beginning June 14, 1887, 1888, and 1889, nor until

June 1, 1890, when requested to pay rent for these years by P. P. Putnam, plaintiff's agent.

" 8. I find that defendant had other lands lying in a different county from this (Jackson County), leased from plaintiff; that at the expiration of said lease on said other lands, plaintiff wrote to the defendant, inquiring if said defendant desired to renew said lease of said other lands, to which inquiry defendant replied that he did not.

" 9. I find that defendant has had since the expiration of said written lease (that is, the lease to the lands in controversy) the same use, occupation, and benefit of the lands down to the present time that he had during the continuance of the written lease, but defendant did not consider that he had control of the land.

" 10. I find the rental value of the premises to be $96 per annum."

*W. A. McDowell*, for appellant.—The holding over must be an actual holding. The tenant must continue in actual or constructive possession in order to be chargeable with rents. Railway v. Torrey, 4 Willson's C. C., 445.

*West & McGown*, for appellee.—Appellant having entered into a written lease with appellee, which expired June 13, 1887, and having remained in possession of the land with the consent of appellee, the relation of landlord and tenant between appellee and appellant continued to exist at the time of the institution of this action. San Antonio v. French, 80 Texas, 575; Dorrill v. Stephens, 4 McCord, 59; Keller v. Roberts, 13 Serg. & R., 63; Tayl. on Landl. and Ten., 8 ed., secs. 522, 525; Sayles' New Treatise, sec. 402; 4 Kent's Com., 13 ed., *112.

WILLIAMS, ASSOCIATE JUSTICE.—The record contains neither statement of facts, motion for new trial, nor exceptions to the conclusions of law and findings of fact filed by the judge who tried the cause below. The points raised really relate to the sufficiency of the evidence to support the conclusions of law. Inasmuch as the facts found do not affirmatively show that the conclusions of law and judgment were erroneous, we might dispose of the case, in the present state of the record, upon that ground alone. We think, however, the facts stated in the findings sufficiently show liability of appellant as a tenant holding over, for the sum adjudged against him; and also that he was not liable, as claimed by appellee, after notice given of the termination of the relation of landlord and tenant. The court found that Putnam was appellee's agent, and that appellee received notice through him, and held that the twelve days notice before the time when the next rental year would begin was sufficient time. The record shows nothing to enable us to say this was not correct.

*Affirmed.*

Delivered March 9, 1893.